1  Michael E. Murphy, Esq. (Bar #174408)
   Brock Christensen, Esq. (Bar #216237)
2  SIMS LAW FIRM, LLP
   19762 MacArthur Boulevard, Suite 350
3  Irvine, California 92612
   (949) 253-7900
4  (949) 253-7930  - FAX

5  mailto:mmurphy@sms-law.comAttorneys for Defendant NATIONAL RAILROAD
   PASSENGER CORPORATION service mark AMTRAK
6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  RICHARD TEISHER, Individually and as )   Case No.: 2:16-cv-08556-DMG-AJW
    Successor in Interest of Decedent         )
12  KATHLEEN TEISHER, ZACHARY            )
    TEISHER, Individually and as Successor )   ANSWER TO COMPLAINT BY
13  in Interest of Decedent KATHLEEN      )   DEFENDANT NATIONAL RAILROAD
    TEISHER, GRANT TEISHER,              )   PASSENGER CORPORATION AND
14  Individually and as Successor in Interest )   DEMAND FOR JURY TRIAL
    of Decedent KATHLEEN TEISHER,        )
15  TRAVIS TEISHER, Individually and as  )
    Successor in Interest of Decedent        )
16  KATHLEEN TEISHER,                    )   Complaint Filed:   11/2/2016
                                              )   Date Removed:    11/16/2016
17                    Plaintiffs,              )   Trial Date:       None
                                              )
18  vs.                                       )
                                              )
19  NATIONAL RAILROAD PASSENGER          )
    CORPORATION, Individually and dba     )
20  AMTRAK, UNION PACIFIC                )
    RAILROAD COMPANY, COUNTY OF          )
21  SANTA BARBARA, CITY OF               )
    CARPINTERIA, STATE OF                )
22  CALIFORNIA, and DOES 1 through 100,  )
    inclusive,                               )
23                                            )
                      Defendants.             )
24  _____)

25        Defendant NATIONAL RAILROAD PASSENGER CORPORATION (service mark

26  AMTRAK), erroneously named and served as NATIONAL RAILROAD PASSENGER

27  CORPORATION, individually and dba AMTRAK, by and through its attorneys SIMS LAW

28  FIRM, LLP, responds to Plaintiffs' Complaint, for itself alone, as follows:

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION AND DEMAND FOR JURY TRIAL**

1.      Paragraph 1 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 1 of the Complaint, AMTRAK admits that the incident happened in the Santa Barbara Judicial District in the County of Santa Barbara, but denies that venue and jurisdiction in the state superior court is proper for the reasons stated in AMTRAK's notice of removal and because the federal court now has venue and jurisdiction to the exclusion of the state superior court. AMTRAK denies the remaining allegations of this paragraph, if any.

2.      Paragraph 2 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 2 of the Complaint, AMTRAK admits that the amount requested exceeds the sum of $25,000 but denies that Plaintiffs are entitled to anything. AMTRAK denies the remaining allegations of this paragraph, if any.

3.      Paragraph 3 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 3 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about DOE defendants, and on that basis denies those allegations. Furthermore, AMTRAK asserts and alleges that DOE defendants are not permitted under federal civil procedure. The use of DOE defendants in federal question cases may be permissible when the complaint alleges why the defendant's real name was not known, but Plaintiff here failed to do that. See *Medina v. Chas Roberts Air Conditioning, Inc.*, 2006 U.S. Dist. LEXIS 56020, *18 (D. Ariz. July 24, 2006), citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390, fn. 2 (1971). AMTRAK denies the remaining allegations of this paragraph, if any.

4.      Paragraph 4 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 4 of the Complaint, AMTRAK lacks sufficient personal knowledge and information to form a belief as to the truth or falsity of the allegations about Plaintiff RICHARD TEISHER's residence and

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

1   relationship to the decedent, and on that basis denies those allegations. AMTRAK denies the

2   remaining allegations of this paragraph, if any.

3        5.    Paragraph 5 of the Complaint contains no charging allegations against this

4   Defendant, so it requires no response or answer. In the alternative, answering Paragraph 5 of

5   the Complaint, AMTRAK lacks sufficient personal knowledge and information to form a belief

6   as to the truth or falsity of the allegations about Plaintiff ZACHARY TEISHER's residence and

7   relationship to the decedent, and on that basis denies those allegations. AMTRAK denies the

8   remaining allegations of this paragraph, if any.

9        6.    Paragraph 6 of the Complaint contains no charging allegations against this

10  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 6 of

11  the Complaint, AMTRAK lacks sufficient personal knowledge and information to form a belief

12  as to the truth or falsity of the allegations about Plaintiff GRANT TEISHER's residence and

13  relationship to the decedent, and on that basis denies those allegations. AMTRAK denies the

14  remaining allegations of this paragraph, if any.

15       7.    Paragraph 7 of the Complaint contains no charging allegations against this

16  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 7 of

17  the Complaint, AMTRAK lacks sufficient personal knowledge and information to form a belief

18  as to the truth or falsity of the allegations about Plaintiff TRAVIS TEISHER's residence and

19  relationship to the decedent, and on that basis denies those allegations. AMTRAK denies the

20  remaining allegations of this paragraph, if any.

21       8.    Paragraph 8 of the Complaint contains no charging allegations against this

22  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 8 of

23  the Complaint, AMTRAK lacks sufficient personal knowledge and information to form a belief

24  as to the truth or falsity of the allegations about Plaintiffs being "decedents in interest," and

25  does not understand the term used by Plaintiffs, and on that basis denies those allegations.

26  AMTRAK denies the remaining allegations of this paragraph, if any.

27  ///

28  ///

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION AND DEMAND FOR JURY TRIAL**

9.      Answering Paragraph 9 of the Complaint, AMTRAK admits that it is a federally chartered corporation in the District of Columbia and that it does business in the State of California.  AMTRAK denies the remaining allegations of this paragraph, if any.

10.     Paragraph 10 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 10 of the Complaint on information and belief, UNION PACIFIC RAILROAD COMPANY is a Delaware corporation that does business in California. AMTRAK denies the remaining allegations of this paragraph, if any.

11.     Paragraph 11 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 11 of the Complaint, AMTRAK lacks sufficient personal knowledge and information to form a belief as to the truth or falsity of the allegations about the public entities being incorporated and operating under a charter, and on that basis denies those allegations. AMTRAK admits that they are public entities. AMTRAK denies the remaining allegations of this paragraph, if any.

12.     Paragraph 12 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 12 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about RICHARD TEISHER's alleged compliance with the claim requirements of Government Code section 910 *et seq.*, and the rejection of that claim, and on that basis denies those allegations. AMTRAK denies the remaining allegations of this paragraph, if any.

13.     Paragraph 13 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 13 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about RICHARD TEISHER's alleged compliance with the claim requirements of Government Code section 910 *et seq.*, and the rejection of that claim, and on that basis denies those allegations. AMTRAK denies the remaining allegations of this paragraph, if any.

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

14.     Paragraph 14 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 14 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about RICHARD TEISHER's alleged compliance with the claim requirements of Government Code section 910 *et seq.*, and the rejection of that claim, and on that basis denies those allegations.

15.     Paragraph 15 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 15 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about DOE defendants, and on that basis denies those allegations. Furthermore, AMTRAK asserts and alleges that DOE defendants are not permitted under federal civil procedure. The use of DOE defendants in federal question cases may be permissible when the complaint alleges why the defendant's real name was not known, but Plaintiff here failed to do that. See *Medina v. Chas Roberts Air Conditioning, Inc.*, 2006 U.S. Dist. LEXIS 56020, *18 (D. Ariz. July 24, 2006), citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390, fn. 2 (1971). AMTRAK denies that it is liable for the decedent's incident and Plaintiffs' alleged damages and harm. AMTRAK denies the remaining allegations of this paragraph, if any.

16.     Answering Paragraph 16 of the Complaint, AMTRAK admits that the incident happened at approximately 6:51 p.m. (AMTRAK believes that it was closer to 6:49 p.m.). AMTRAK denies that the decedent was in the vicinity of the railroad track when the incident happened. Rather, she was on the railroad track. AMTRAK denies that there is a grade crossing at Linden Avenue and 5th Street. Rather, there is a public grade crossing near the east end of the Carpinteria Station platform on Linden Avenue approximately one-quarter of a mile away from the location where the decedent was on the track. AMTRAK denies that the train struck the decedent without sufficient warning. Rather, AMTRAK alleges that the federally compliant locomotive horn, bell, headlights, ditch lights, and railroad track itself provided ample warning of the approaching train. AMTRAK denies the remaining allegations of this paragraph, if any.

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

17.     Answering Paragraph 17 of the Complaint, AMTRAK admits that it owned, controlled, managed, operated, inspected, maintained, and repaired the locomotive in compliance with federal law and regulations. AMTRAK denies that it leased, designed, developed, and constructed the locomotive. AMTRAK denies that the train struck the decedent without sufficient warning. Rather, AMTRAK alleges that the federally compliant locomotive horn, headlights, ditch lights, and railroad track itself provided ample warning of the approaching train. AMTRAK denies that the decedent "died thereafter at the scene of the incident." AMTRAK contends that death was instantaneous based on the sheriff-coroner's investigation and report. AMTRAK denies the remaining allegations of this paragraph, if any.

18.     Answering Paragraph 18 of the Complaint, AMTRAK admits that the federally certified locomotive engineer crew members at the time of the incident and other crew members were agents and employees of AMTRAK. AMTRAK denies that they were servants, contractors, subcontractors, and independent contractors. AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about DOE defendants, and on that basis denies those allegations. Furthermore, AMTRAK asserts and alleges that DOE defendants are not permitted under federal civil procedure. The use of DOE defendants in federal question cases may be permissible when the complaint alleges why the defendant's real name was not known, but Plaintiff here failed to do that. See *Medina v. Chas Roberts Air Conditioning, Inc.*, 2006 U.S. Dist. LEXIS 56020, *18 (D. Ariz. July 24, 2006), citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390, fn. 2 (1971). AMTRAK denies the remaining allegations of this paragraph, if any.

19.     Answering Paragraph 19 of the Complaint, AMTRAK admits that it owns, operates, controls and manages parts of a passenger railroad system in and through the State of California. AMTRAK admits that it had a right to use the track at the time of the incident, but it denies the remaining allegations of this paragraph, if any.

20.     Paragraph 20 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 20 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

1   truth or falsity of the allegations about the STATE OF CALIFORNIA, and on that basis denies

2   them. AMTRAK denies the remaining allegations of this paragraph, if any.

3      21. Paragraph 21 of the Complaint contains no charging allegations against this

4   Defendant, so it requires no response or answer. In the alternative, answering Paragraph 21 of

5   the Complaint on information and belief, AMTRAK is informed and believes that the railroad

6   track and railroad right-of-way are and were owned, designed, developed, constructed,

7   managed, operated, inspected, maintained, and repaired by UNION PACIFIC RAILROAD

8   COMPANY. Plaintiffs' allegations about leasing and control are too overly broad and

9   ambiguous and call for legal conclusion such that AMTRAK cannot admit or deny them, and

10  on that basis denies them. The Complaint is too vague about what part of the INCIDENT SITE

11  it alleges that UNION PACIFIC RAILROAD COMPANY was interested in, and on that basis

12  AMTRAK denies those allegations. AMTRAK lacks sufficient knowledge and information to

13  form a belief as to the truth or falsity of the allegations about DOE defendants, and on that

14  basis denies those allegations. Furthermore, AMTRAK asserts and alleges that DOE defendants

15  are not permitted under federal civil procedure. The use of DOE defendants in federal question

16  cases may be permissible when the complaint alleges why the defendant's real name was not

17  known, but Plaintiff here failed to do that. See *Medina v. Chas Roberts Air Conditioning, Inc.*,

18  2006 U.S. Dist. LEXIS 56020, *18 (D. Ariz. July 24, 2006), citing *Bivens v. Six Unknown

19  Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390, fn. 2 (1971). AMTRAK denies

20  the remaining allegations of this paragraph, if any.

21     22. Paragraph 22 of the Complaint contains no charging allegations against this

22  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 22 of

23  the Complaint, AMTRAK lacks sufficient personal knowledge and information to form a belief

24  as to the truth or falsity of the allegations about the CITY OF CARPINTERIA's interests in the

25  property around the railroad track, and on that basis denies those allegations. AMTRAK denies

26  the remaining allegations of this paragraph, if any.

27     23. Paragraph 23 of the Complaint contains no charging allegations against this

28  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 23 of

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION AND DEMAND FOR JURY TRIAL**

1  the Complaint, AMTRAK lacks sufficient personal knowledge and information to form a belief

2  as to the truth or falsity of the allegations about the COUNTY OF SANTA BARBARA's

3  interests in the property around the railroad track, and on that basis denies those allegations.

4  AMTRAK denies the remaining allegations of this paragraph, if any.

5      24.    Paragraph 24 of the Complaint contains no charging allegations against this

6  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 24 of

7  the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

8  truth or falsity of the allegations about DOE defendants, and on that basis denies those

9  allegations. Furthermore, AMTRAK asserts and alleges that DOE defendants are not permitted

10  under federal civil procedure. The use of DOE defendants in federal question cases may be

11  permissible when the complaint alleges why the defendant's real name was not known, but

12  Plaintiff here failed to do that. See *Medina v. Chas Roberts Air Conditioning, Inc.*, 2006 U.S.

13  Dist. LEXIS 56020, *18 (D. Ariz. July 24, 2006), citing *Bivens v. Six Unknown Named Agents*

14  *of Fed. Bureau of Narcotics*, 403 U.S. 388, 390, fn. 2 (1971). AMTRAK denies the remaining

15  allegations of this paragraph, if any.

16      25.    AMTRAK denies all of the allegations of Paragraph 25 of the Complaint.

17      26.    AMTRAK denies all of the allegations of Paragraph 26 of the Complaint.

18      27.    AMTRAK denies all of the allegations of Paragraph 27 of the Complaint.

19      28.    AMTRAK denies all of the allegations of Paragraph 28 of the Complaint.

20      29.    AMTRAK denies all of the allegations of Paragraph 29 of the Complaint.

21      30.    AMTRAK denies all of the allegations of Paragraph 30 of the Complaint, and

22  alleges that the allegations are preempted and precluded by Federal and State law.

23      31.    Paragraph 31 of the Complaint contains no charging allegations against this

24  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 31 of

25  the Complaint, AMTRAK incorporates by reference its responses to Paragraphs 1 through 30

26  of the Complaint.

27      32.    AMTRAK denies all of the allegations of Paragraph 32 of the Complaint. The

28  train was operated, controlled, entrusted, and maintained in compliance with federal law and

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

1  regulations such that Plaintiffs' allegations are preempted by federal law. AMTRAK lacks

2  sufficient knowledge and information to form a belief as to the truth or falsity of the allegations

3  about DOE defendants in all of the following paragraphs, and on that basis denies those

4  allegations. Furthermore, AMTRAK asserts and alleges that DOE defendants are not permitted

5  under federal civil procedure. The use of DOE defendants in federal question cases may be

6  permissible when the complaint alleges why the defendant's real name was not known, but

7  Plaintiff here failed to do that. See *Medina v. Chas Roberts Air Conditioning, Inc.*, 2006 U.S.

8  Dist. LEXIS 56020, *18 (D. Ariz. July 24, 2006), citing *Bivens v. Six Unknown Named Agents*

9  *of Fed. Bureau of Narcotics*, 403 U.S. 388, 390, fn. 2 (1971).

10       33.     AMTRAK denies all of the allegations of Paragraph 33 of the Complaint. The

11  train was entrusted to the crew in compliance with federal law and regulations such that

12  Plaintiffs' allegations are preempted by federal law.

13       34.     Answering Paragraph 34 of the Complaint, AMTRAK admits that it permitted

14  the engineers to operate the train as AMTRAK's federally certified locomotive engineer agents

15  and employees. AMTRAK denies that any other crew member was operating the train.

16  AMTRAK denies that the crew members were servants, contractors, subcontractors, and

17  independent contractors.

18       35.     AMTRAK denies all of the allegations of Paragraph 35 of the Complaint, and

19  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

20  federal law and regulations.

21       36.     AMTRAK denies all of the allegations of Paragraph 36 of the Complaint, and

22  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

23  federal law and regulations.

24       37.     AMTRAK denies all of the allegations of Paragraph 37 of the Complaint, and

25  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

26  federal law and regulations.

27  ///

28

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

1    38.    AMTRAK denies all of the allegations of Paragraph 38 of the Complaint, and

2  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

3  federal law and regulations.

4    39.    AMTRAK denies all of the allegations of Paragraph 39 of the Complaint, and

5  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

6  federal law and regulations.

7    40.    AMTRAK denies all of the allegations of Paragraph 40 of the Complaint, and

8  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

9  federal law and regulations.

10    41.    AMTRAK denies all of the allegations of Paragraph 41 of the Complaint, and

11  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

12  federal law and regulations.

13    42.    AMTRAK denies all of the allegations of Paragraph 42 of the Complaint, and

14  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

15  federal law and regulations.

16    43.    AMTRAK denies all of the allegations of Paragraph 43 of the Complaint, and

17  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

18  federal law and regulations.

19    44.    AMTRAK denies all of the allegations of Paragraph 44 of the Complaint, and

20  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

21  federal law and regulations.

22    45.    AMTRAK denies all of the allegations of Paragraph 45 of the Complaint, and

23  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

24  federal law and regulations.

25    46.    AMTRAK denies all of the allegations of Paragraph 46 of the Complaint, and

26  alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by

27  federal law and regulations.

28

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

47.     AMTRAK denies all of the allegations of Paragraph 47 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

48.     AMTRAK denies all of the allegations of Paragraph 48 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

49.     AMTRAK denies all of the allegations of Paragraph 49  of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

50.     AMTRAK denies all of the allegations of Paragraph 50 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

51.     AMTRAK denies all of the allegations of Paragraph 51 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

52.     AMTRAK denies all of the allegations of Paragraph 52 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

53.     AMTRAK denies all of the allegations of Paragraph 53 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

54.     AMTRAK denies all of the allegations of Paragraph 54 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

55.     AMTRAK denies all of the allegations of Paragraph 55 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

56.     AMTRAK denies all of the allegations of Paragraph 56 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

57.     AMTRAK denies all of the allegations of Paragraph 57 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

58.     AMTRAK denies all of the allegations of Paragraph 58 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

59.     AMTRAK denies all of the allegations of Paragraph 59 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

60.     AMTRAK denies all of the allegations of Paragraph 60 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

61.     AMTRAK denies all of the allegations of Paragraph 61 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

62.     AMTRAK denies all of the allegations of Paragraph 62 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

63.     AMTRAK denies all of the allegations of Paragraph 63 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

64.     AMTRAK denies all of the allegations of Paragraph 64 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

65.     AMTRAK denies all of the allegations of Paragraph 65 of the Complaint, and alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

66.     Paragraph 66 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 66 of the Complaint, AMTRAK incorporates by reference its responses to Paragraphs 1 through 65 of the Complaint.

67.     AMTRAK denies all of the allegations of Paragraph 67 of the Complaint and denies that the decedent suffered any economic damages, and alleges that decedent's accident and death were instantaneous, such that nobody has standing for a survival cause of action.

68.     AMTRAK denies all of the allegations of Paragraph 68 of the Complaint and denies that the decedent suffered any economic damages, and alleges that decedent's accident and death were instantaneous, such that nobody has standing for a survival cause of action.

69.     AMTRAK denies all of the allegations of Paragraph 69 of the Complaint and denies that the decedent suffered any economic damages, and alleges that decedent's accident and death were instantaneous, such that nobody has standing for a survival cause of action. AMTRAK further alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

70.     AMTRAK denies all of the allegations of Paragraph 70 of the Complaint and denies that the decedent suffered any economic damages, and alleges that decedent's accident and death were instantaneous, such that nobody has standing for a survival cause of action. AMTRAK further alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

71.     AMTRAK denies all of the allegations of Paragraph 71 of the Complaint and denies that the decedent suffered any economic damages, and alleges that decedent's accident and death were instantaneous, such that nobody has standing for a survival cause of action. AMTRAK further alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

72.     AMTRAK denies all of the allegations of Paragraph 72 of the Complaint and denies that the decedent suffered any economic damages, and alleges that decedent's accident and death were instantaneous, such that nobody has standing for a survival cause of action. AMTRAK further alleges that all of Plaintiffs' allegations in this paragraph are false and otherwise preempted by federal law and regulations.

73.     Paragraph 73 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 73 of the Complaint, AMTRAK incorporates by reference its responses to Paragraphs 1 through 72 of the Complaint.

74.     Paragraph 74 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 74 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the allegations of this paragraph. AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about DOE defendants in all of the following paragraphs, and on that basis denies those allegations. Furthermore, AMTRAK asserts and alleges that DOE defendants are not permitted under federal civil procedure. The use of DOE defendants in federal question cases may be permissible when the complaint alleges why the defendant's real name was not known, but Plaintiff here failed to do that. See *Medina v. Chas Roberts Air Conditioning, Inc.*, 2006 U.S. Dist. LEXIS 56020, *18 (D. Ariz. July 24, 2006), citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390, fn. 2 (1971). To the extent that any of Plaintiffs' allegations are construed to include AMTRAK, AMTRAK expressly denies them.

75.     Paragraph 75 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 75 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to include AMTRAK, AMTRAK expressly denies them.

76.     Paragraph 76 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 76 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to include AMTRAK, AMTRAK expressly denies them.

77.     Paragraph 77 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 77 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to include AMTRAK, AMTRAK expressly denies them.

78.     Paragraph 78 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 78 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to include AMTRAK, AMTRAK expressly denies them.

79.     Paragraph 79 of the Complaint contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, answering Paragraph 79 of the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

1  GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the

2  allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to

3  include AMTRAK, AMTRAK expressly denies them.

4       80.    Paragraph 80 of the Complaint contains no charging allegations against this

5  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 80 of

6  the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

7  truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

8  GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the

9  allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to

10 include AMTRAK, AMTRAK expressly denies them.

11      81.    Paragraph 81 of the Complaint contains no charging allegations against this

12 Defendant, so it requires no response or answer. In the alternative, answering Paragraph 81 of

13 the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

14 truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

15 GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the

16 allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to

17 include AMTRAK, AMTRAK expressly denies them.

18      82.    Paragraph 82 of the Complaint contains no charging allegations against this

19 Defendant, so it requires no response or answer. In the alternative, answering Paragraph 82 of

20 the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

21 truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

22 GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the

23 allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to

24 include AMTRAK, AMTRAK expressly denies them.

25      83.    Paragraph 83 of the Complaint contains no charging allegations against this

26 Defendant, so it requires no response or answer. In the alternative, answering Paragraph 83 of

27 the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

28 truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

1   GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the

2   allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to

3   include AMTRAK, AMTRAK expressly denies them.

4        84.    Paragraph 84 of the Complaint contains no charging allegations against this

5   Defendant, so it requires no response or answer. In the alternative, answering Paragraph 84 of

6   the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

7   truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

8   GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the

9   allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to

10  include AMTRAK, AMTRAK expressly denies them.

11       85.    Paragraph 85 of the Complaint contains no charging allegations against this

12  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 85 of

13  the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

14  truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

15  GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the

16  allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to

17  include AMTRAK, AMTRAK expressly denies them.

18       86.    Paragraph 86 of the Complaint contains no charging allegations against this

19  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 86 of

20  the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

21  truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

22  GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the

23  allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to

24  include AMTRAK, AMTRAK expressly denies them.

25       87.    Paragraph 87 of the Complaint contains no charging allegations against this

26  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 87 of

27  the Complaint, AMTRAK lacks sufficient knowledge and information to form a belief as to the

28  truth or falsity of the allegations about Defendants STATE OF CALIFORNIA, CITY OF

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION AND DEMAND FOR JURY TRIAL**

1  GOLETA, and COUNTY OF SANTA BARBARA, and on that basis denies all of the

2  allegations of this paragraph. To the extent that any of Plaintiffs' allegations are construed to

3  include AMTRAK, AMTRAK expressly denies them.

4        88.      AMTRAK denies all of the allegations of Paragraph 88 of the Complaint.

5        89.      AMTRAK denies all of the allegations of Paragraph 89 of the Complaint.

6        90.      AMTRAK denies all of the allegations of Paragraph 90 of the Complaint.

7        91.      Paragraph 91 of the Complaint contains no charging allegations against this

8  Defendant, so it requires no response or answer. In the alternative, answering Paragraph 91 of

9  the Complaint, AMTRAK incorporates by reference its responses to Paragraphs 1 through 90

10  of the Complaint.

11        92.      AMTRAK denies all of the allegations of Paragraph 92 of the Complaint and

12  denies that the decedent suffered any economic damages, and alleges that decedent's accident

13  and death were instantaneous, such that nobody has standing for a survival cause of action.

14  AMTRAK further alleges that all of Plaintiffs' allegations in this paragraph are false.

15        93.      AMTRAK denies all of the allegations of Paragraph 93 of the Complaint and

16  denies that the decedent suffered any economic damages, and alleges that decedent's accident

17  and death were instantaneous, such that nobody has standing for a survival cause of action.

18  AMTRAK further alleges that all of Plaintiffs' allegations in this paragraph are false.

19        Except as expressly admitted in this Answer to Complaint, AMTRAK denies all of the

20  allegations of the Complaint.

21        **FIRST DEFENSE**

22        The Complaint fails to state true facts constituting a claim upon which relief may be

23  granted.

24        **SECOND DEFENSE**

25        AMTRAK is informed and believes, and upon such information and belief alleges, that

26  if in fact AMTRAK is found to have been negligent in any manner, the negligence could only

27  be passive and secondary while the negligence of Plaintiffs  and the decedent were active and

28

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

1  primary, or intervening and superseding, and thus bars in whole or in part recovery on the

2  Complaint.

3        **THIRD DEFENSE**

4        Any and all events and happenings, injuries, loss, damage and expenditure referred to in

5  the Complaint were directly and proximately caused and contributed to in whole or in part by

6  the carelessness, negligence, or other tortious conduct of Plaintiffs and the decedent by, among

7  other things, trespassing on the railroad right-of-way, walking onto the track, failing to look

8  and listen for approaching trains, violation of Penal Code statutes, drinking to the point of

9  intoxication, failing to move off the track before the train approached, failing to heed clear and

10 unambiguous warnings in the form of signs, tracks, fences, locomotive horns and bells, and the

11 sound and sight of the approaching train, failing to avoid obvious dangers that the decedent

12 created by fouling the railroad track, failing to exercise reasonable care while approaching,

13 walking on, and/or crossing the track, and failing to warn the decedent against using the track

14 and right-of-way, and therefore the extent of loss, damage, or expenditure sustained by

15 Plaintiffs, if any, should be reduced in proportion to the amount of negligence or fault

16 attributable to Plaintiffs and the decedent.

17       **FOURTH DEFENSE**

18       Any and all events and happenings, injuries, loss, damage and expenditure referred to in

19 the Complaint were directly and proximately caused and contributed to in whole or in part by

20 the carelessness and negligence of persons, firms, corporations or entities other than AMTRAK

21 and its employees, and therefore said negligence and fault comparatively reduces the

22 percentage of negligence and fault, if any, attributed to AMTRAK.

23       **FIFTH DEFENSE**

24       Plaintiffs failed to mitigate the damages, if any, that Plaintiffs allege they suffered, and

25 failed to exercise reasonable care to avoid the consequences of harms, if any.

26       **SIXTH DEFENSE**

27       The subject matter of Plaintiffs' claims, allegations, and causes of action are covered

28 by, and therefore precluded and preempted by, state and federal law and regulations including

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION AND DEMAND FOR JURY TRIAL**

1  but not limited to the Commerce Clause of the United States Constitution, the Amtrak Act, the

2  Federal Railroad Safety Act, and the railroad related federal regulations found in Title 49 of the

3  Code of Federal Regulations or California Public Utilities Code and Commission general

4  orders governing track safety standards, train speed, locomotive engineer and conductor

5  training and certification, efficiency and operations testing, passenger equipment safety

6  standards, devices, and inspections, locomotive safety devices and inspections, brake system

7  regulations, railroad grade crossings, crossing warning devices, and AMTRAK's alleged duties

8  with respect to same. AMTRAK's conduct was permitted, authorized, and mandated by federal

9  and state law, regulations, and standards, such that Plaintiffs are barred, precluded, and

10  preempted from any recovery.

11  **SEVENTH DEFENSE**

12  AMTRAK did not have actual or constructive notice of any dangerous condition in a

13  sufficient time before the incident within which measures could have been taken to protect

14  against any dangerous condition.

15  **EIGHTH DEFENSE**

16  AMTRAK's liability, if any, for non-economic damages is limited to AMTRAK's

17  proportionate share of fault, if any, in accordance with Proposition 51 and *California Civil*

18  *Code* section 1431.2.

19  **NINTH DEFENSE**

20  Plaintiffs' Complaint improperly and illegally asserts punitive damages claims against

21  Defendants. Punitive damages are not allowed in wrongful death actions. Plaintiffs' decedent

22  did not survive the accident so no survival action exists. Plaintiffs' complaint does not

23  adequately allege punitive damages and fails to put any Defendant on notice of any conduct

24  supporting such claims. Punitive damages claims here violate each Defendant's due process

25  rights. Plaintiff also lacks standing to claim punitive damages.

26  **TENTH DEFENSE**

27  At the time and place referred to in the Complaint, and before such event, Plaintiffs and

28  the decedent knew the risk involved in placing  the decedent in the position that she then

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION AND DEMAND FOR JURY TRIAL**

1  assumed, and knowingly and voluntarily assumed such risk, including, but not limited to, the

2  risk of suffering personal bodily injury and death.

3           **ELEVENTH DEFENSE**

4           Plaintiffs and the decedent failed to use reasonable care for the decedent's own safety.

5           **TWELFTH DEFENSE**

6           Plaintiffs' claims, or portions thereof, are barred by the doctrine of judicial estoppel.

7           **THIRTEENTH DEFENSE**

8           Plaintiffs' decedent was adequately warned of the track and approaching train.

9  Defendant had no duty to warn Plaintiff and the decedent about obvious dangers that they knew

10  or reasonably should have known. Railroad tracks are themselves a warning of danger based on

11  common sense and California law.

12           **FOURTEENTH DEFENSE**

13           This answering Defendant is informed and believes and thereupon alleges that at the

14  date, place, and time of the accident sued upon herein, Plaintiffs' decedent was an employee of

15  as yet an unknown person, corporation or partnership and was acting within the course and

16  scope of this employment. Any and all injuries, damages, or expenditures allegedly suffered or

17  sustained by Plaintiff were directly and proximately caused by the negligence and wrongful

18  conduct of the aforesaid employer of the Plaintiffs' decedent and its agents, servants and

19  employees, in that, *inter alia*, at the time, place and date of the accident, the decedent's

20  employer failed to exercise ordinary and reasonable care for the safety and protection of the

21  decedent.

22           Said wrongful, negligent conduct of the decedent's employer bars or limits the

23  employer and its Workers' Compensation carrier from any rights to recover any sums or

24  amounts for any expenses, payments or benefits paid, or to be paid, including but not limited to

25  all benefits provided pursuant to the Workers' Compensation laws of California. Any and all

26  damages claimed by Plaintiffs' employer and/or its compensation carrier must be reduced or

27  barred in proportion to all fault attributable to the employer, in accord with the principles of

28  comparative fault.

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

1    Further, in the event of any verdict or judgment in favor of Plaintiff there should be
2 deducted therefrom all amounts paid by said employer or its compensation carrier to Plaintiff
3 for Workers' Compensation benefits.

4       **FIFTEENTH DEFENSE**

5    Defendant is immune from liability under California Civil Code section 846 because
6 Plaintiffs' decedent entered the property for a recreational purpose.

7       **SIXTEENTH DEFENSE**

8    Plaintiffs' decedent was violating Penal Code statutes at the time of the incident and
9 was negligent per se.

10      **SEVENTEENTH DEFENSE**

11    There is no evidence that any Defendant negligently did or failed to do anything that
12 caused Plaintiff to enter the railroad right-of-way or stand on the track in front of a train, and
13 nothing about the location of the incident or operation or maintenance of any involved rolling
14 stock, railroad equipment, track, or right-of-way caused Plaintiff to enter the railroad right-of-
15 way or stand on the track in front of a train.

16      **EIGHTEENTH DEFENSE**

17    To the extent that Plaintiffs' decedent suffered from any hearing impairment or mental,
18 alcohol, or drug induced condition, she is still held to a standard of reasonable care, which she
19 failed to use at all times relevant to the incident.

20      **NINTEENTH DEFENSE**

21    Plaintiffs and the decedent had actual notice of active use of the track by trains.

22      **TWENTIETH DEFENSE**

23    AMTRAK is informed and believes and upon such information and belief alleges that
24 there may be other defenses of which AMTRAK presently is unaware or has not alleged, and
25 which AMTRAK reserves the right to allege in an amended answer and/or at any later point in
26 this litigation, including but not limited to the presentation of evidence and/or closing argument
27 at the time of trial.

28 ///

1    **PRAYER**

2    WHEREFORE, Defendant AMTRAK prays for judgment as follows:

3    1.    That Plaintiffs take nothing by reason of their Complaint and that the Complaint

4    be dismissed with prejudice;

5    2.    That AMTRAK be awarded costs of suit; and

6    3.    For such other and further relief as the Court deems just and proper.

7    DATED: December 6, 2016                SIMS LAW FIRM, LLP

8

9                                        /s/ Michael E. Murphy
                                    By _____

10                                       Michael E. Murphy
                                         Attorneys for Defendants NATIONAL RAILROAD
11                                       PASSENGER CORPORATION (service mark
                                         AMTRAK)

12

13                        **DEMAND FOR JURY TRIAL**

14    Defendant NATIONAL RAILROAD PASSENGER CORPORATION (service mark

15    AMTRAK) hereby demands a jury trial in this matter.

16    DATED: December 6, 2016                SIMS LAW FIRM, LLP

17

18                                       /s/ Michael E. Murphy
                                    By _____

19                                       Michael E. Murphy
                                         Attorneys for Defendants NATIONAL RAILROAD
20                                       PASSENGER CORPORATION (service mark
                                         AMTRAK)

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION AND DEMAND FOR JURY TRIAL**

**PROOF OF SERVICE BY MAIL**
**Case No. 2:16-cv-08556-DMG-AJW**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 19762 MacArthur Blvd., Ste. 350, Irvine, CA 92612.

On December 6, 2016, I served the foregoing documents on the interested parties in this action:

**ANSWER TO COMPLAINT BY DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION AND DEMAND FOR JURY TRIAL**

[X]   by placing the true copies thereof enclosed in sealed envelopes addressed as listed below:

**See Attached Service List**

[ ]   **BY MAIL:** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, said correspondence is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on December 6, 2016, at Irvine, California.

[ ]   **BY E-MAIL TRANSMISSION:** I caused the above document to be emailed to counsel and sent from JMortimore@sms-law.com executed on December 6, 2016, at Irvine, California

[X]   **BY E-SERVICE:** The undersigned hereby certifies that a true and correct copy of the forgoing document was filed with the Court and served electronically through pursuant to the United States District Court CM/ECF rules to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on December 6, 2016.

[ ]   **(Federal Express):** I caused such envelope(s) to be delivered by air courier, with next day service.

[ ]   **BY FACSIMILE TRANSMISSION:** See attached Proof of Transmission by Fax. The telephone number on the facsimile machine I used is (949) 253-7930. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2009, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

[X]   **(Federal):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed December 6, 2016, at Irvine, California.

Jodie A. Mortimore

SERVICE LIST
*Teisher, et al. v. Amtrak, et al.*

Boris Briskin, Esq.
DAG LAW FIRM
6300 Wilshire Blvd., Suite 1400
Los Angeles, CA 90048
(323) 930-2020
(323) 930-2225 - Facsimile
Attorneys for Plaintiffs RICHARD TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, ZACHARY TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, GRANT TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, TRAVIS TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER