1  Michael E. Murphy, Esq. (Bar #174408)
   Brock Christensen, Esq. (Bar #216237)
2  SIMS LAW FIRM, LLP
   19712 MacArthur Boulevard, Suite 120
3  Irvine, California 92612
   (949) 253-7900
4  (949) 253-7930 - FAX

5  Attorneys for Defendant NATIONAL RAILROAD PASSENGER
   CORPORATION, service mark AMTRAK, and UNION PACIFIC RAILROAD
6  COMPANY

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | RICHARD TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, ZACHARY TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, GRANT TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, TRAVIS TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, | Case No.: 2:16-cv-08556-PLA |
|---|---|---|
| | Plaintiffs, | **NON-DISCLOSURE AGREEMENT AND STIPULATED PROTECTIVE ORDER** |
| | vs. | |
| | NATIONAL RAILROAD PASSENGER CORPORATION, Individually and dba AMTRAK, UNION PACIFIC RAILROAD COMPANY, COUNTY OF SANTA BARBARA, CITY OF CARPINTERIA, STATE OF CALIFORNIA, and DOES 1 through 100, inclusive, | Complaint Filed: 11/2/2016<br>Date Removed: 11/16/2016<br>Trial Date: None |
| | Defendants. | |

26  ///

27  ///

28  ///

## NON-DISCLOSURE AGREEMENT AND STIPULATED PROTECTIVE ORDER

Plaintiffs RICHARD TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, ZACHARY TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, GRANT TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, TRAVIS TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, by and through their attorneys, DAG Law Firm, Defendant City of Carpinteria by and through its attorneys Procter & Shyer, and Defendants National Railroad Passenger Corporation, service mark Amtrak, and Union Pacific Railroad Company, by and through their attorneys, Sims Law Firm LLP, stipulate and agree as follows:

1.  The Locomotive Digital Video Recording (LDVR) of the subject incident, bearing production Bates Number Amtrak 000001, including the substance and content thereof, is considered sensitive and confidential information that is subject to the terms of this Non-Disclosure Agreement and Stipulated Protective Order. There is good cause to protect the confidentiality of the LDVR and limit its use to this matter based on the following facts and reasons: There was an outward facing LDVR camera mounted on the front of the lead locomotive on the train that faced the track at the time of the incident. The LDVR recorded the decedent's death.  Public release of the video or providing access to it on the internet would violate the privacy of Amtrak, the Amtrak crew members, and the decedent and Plaintiff – publication of the death video would potentially harm all of them – and publication would provide the opportunity for unauthorized distribution or posting of the LDVR on the internet, and the potential for misuse of the LDVR. Publication could cause embarrassment to the crew, Amtrak and other of its employees, Plaintiff, her decedent, and potentially others, depending on how the end user modifies it, which nobody can control once it is released.  The only reasonable alternative is to limit the use of the LDVR to this case only.

2. The Electronic Data Recording (EDR) of the subject incident, bearing production Bates Number Amtrak 000002, including the substance and content thereof, is considered sensitive and confidential information that is subject to the terms of this Non-Disclosure Agreement and Stipulated Protective Order.

3. The LDVR and EDR are sensitive and proprietary property of Amtrak and may be used solely for the purpose of this litigation subject to the terms of this agreement and, if applicable, order. The transmission or production of the LDVR and EDR by Amtrak does not create any interest or right, intellectual or otherwise, in the LDVR or EDR and shall not result in any waiver by Amtrak of its property rights, intellectual or otherwise, or of the developer, manufacturer, and/or distributor of the software.

4. The terms "LDVR" and "EDR" as used in this order specifically includes any and all CDs, DVDs, paper and electronic copies, transcripts, prints, negatives, recordings, duplicates, and summaries of the LDVR and EDR.

5. Prior to producing the LDVR and EDR, or any part thereof, to any party to this lawsuit or to any related matter, Amtrak shall stamp the LDVR and EDR with the word "Confidential" or other similar language, and in the event that there is a deposition or other testimony regarding the LDVR or EDR, or any part thereof, in this lawsuit or any related matter, a copy of this agreement shall be provided to the court reporter by the party introducing the LDVR or EDR into the record, and those parts of the transcript shall be kept "Confidential."

6. Counsel of record who receive any form of the LDVR and/or EDR from counsel of record for Amtrak shall not, except as provided in Paragraph 7, divulge or disclose the LDVR and/or EDR, or any part thereof, to any person or entity other than their clients or individuals employed by them to assist in the preparation or trial of this case, if any – such as secretaries or legal assistants who work with and for the attorneys – and who have a need to know the content of the LDVR and/or EDR for purposes of this lawsuit. In addition, counsel of record

1  who receive any form of the LDVR and/or EDR from counsel of record for
2  Amtrak may disclose it, or any part thereof, to consulting or testifying expert
3  witnesses who are employed to assist in the preparation or trial of this case subject
4  to the requirements in Paragraph 7.

5      7.    Counsel receiving the LDVR and/or EDR, on behalf of themselves,
6  their secretaries, legal assistants, and staff, shall provide to counsel for Amtrak the
7  signed acknowledgment (Exhibit A) that they have reviewed and understand this
8  Non-Disclosure Agreement and Stipulated Protective Order; that they agree to be
9  bound by all of its terms; that they agree to be subject to the jurisdiction of this
10 Court with respect to any claimed violations of this Non-Disclosure Agreement
11 and Stipulated Protective Order; that they will not reveal the Confidential
12 Information, or any part thereof, to any other person or entity; and that they will
13 not discuss the Confidential Information, or any part thereof, with anyone other
14 than the counsel of record who retained them.  Consulting or testifying experts
15 must sign the acknowledgment before counsel provides them with the LDVR
16 and/or EDR. Counsel shall keep the acknowledgment signed by any testifying or
17 consulting expert provided the LDVR and/or EDR pursuant to this stipulation as
18 Exhibit A.

19     8.    Any person who receives the LDVR and/or EDR in accordance with
20 paragraphs 6 and 7 above, shall use it solely for the purposes of this lawsuit except
21 as expressly authorized by this Court, and the recipients thereof shall not use, give,
22 show, divulge, or otherwise disclose the LDVR and/or EDR, or any part thereof,
23 or any paper or electronic copies, transcripts, prints, negatives, recordings, or
24 summaries of the LDVR and/or EDR, to any other person or entity.

25     9.    Prior to lodging or filing the LDVR and/or EDR, or any part thereof,
26 with the Court as an exhibit or otherwise, the filing party shall give at least ten
27 (10) days notice to counsel for Amtrak so that Amtrak may move the Court to have
28 ///

1 | the LDVR and/or EDR sealed. Upon filing of a motion to seal, the LDVR and/or
2 | EDR will be treated as sealed pending the Court's ruling on such motion.

3 |     10.    Within 30 days after the termination of this lawsuit, including any appeals, by final judgment, settlement or otherwise, counsel of record for any party who received the LDVR and/or EDR from counsel of record for Amtrak shall retrieve all such LDVR and/or EDR paper and electronic copies, transcripts, prints, negatives, recordings and summaries thereof that are in the possession of any other person or entity, including their employees, consultants and expert witnesses; shall return to counsel of record for Amtrak all copies of the LDVR and/or EDR; and shall certify under penalty of perjury, in writing, to counsel of record for Amtrak that they have complied with this Paragraph 10.

11.    No person who receives any form of the LDVR and/or EDR shall sell, offer, advertise, publicize or provide, under any circumstances or conditions, the LDVR and/or EDR, or any part thereof, to any person or entity other than in accordance with the provisions of this Non-Disclosure Agreement and Stipulated Protective Order. No person who receives any form of the LDVR and/or EDR shall make it available, copy it, or disseminate it to any electronic media, including but not limited to the internet.

12.    In the event that the LDVR and/or EDR, or any part thereof, appears in any form, in the hands of an unauthorized person or entity in any proceeding or forum other than this lawsuit as a result of an unauthorized disclosure by any recipient of the LDVR and/or EDR, including counsel of record and the plaintiff, such shall be considered a direct violation of the provisions of this Non-Disclosure Agreement and Stipulated Protective Order, for which any and all appropriate sanctions and legal remedies may be imposed against the offending recipient who disclosed the LDVR and/or EDR in an unauthorized manner or who disclosed it to an unauthorized person or entity.

///

13. Nothing in this Non-Disclosure Agreement and Stipulated Protective Order is intended to deny any party the right to an open and public trial of the issues in this lawsuit and the Court will address use of the LDVR and/or EDR as evidence and/or additional protections of the LDVR and/or EDR, if necessary, at time of trial.

14. If the Court refuses to accept this Non-Disclosure Agreement and Stipulated Protective Order for any reason, each and all of the provisions of this Non-Disclosure Agreement and Stipulated Protective Order still are effective and legally binding on the parties to this Non-Disclosure Agreement and Stipulated Protective Order.

SO STIPULATED AND AGREED:

Date: March 17, 2017          DAG LAW FIRM

                              _____
                              Boris Briskin, Esq.
                              Attorneys for Plaintiffs

Date: March 28, 2017          SIMS LAW FIRM, LLP

                              _____
                              Michael Murphy, Esq.
                              Attorneys for NATIONAL RAILROAD
                              PASSENGER CORPORATION, service
                              mark AMTRAK, and UNION PACIFIC
                              RAILROAD COMPANY

Dated: March ___, 2017        PROCTER & SHYER, LLP


                              James N. Procter II
                              Attorneys for Defendant CITY OF
                              CARPINTERIA

1  13. Nothing in this Non-Disclosure Agreement and Stipulated Protective
2  Order is intended to deny any party the right to an open and public trial of the
3  issues in this lawsuit and the Court will address use of the LDVR and/or EDR as
4  evidence and/or additional protections of the LDVR and/or EDR, if necessary, at
5  time of trial.
6  14. If the Court refuses to accept this Non-Disclosure Agreement and
7  Stipulated Protective Order for any reason, each and all of the provisions of this
8  Non-Disclosure Agreement and Stipulated Protective Order still are effective and
9  legally binding on the parties to this Non-Disclosure Agreement and Stipulated
10 Protective Order.

SO STIPULATED AND AGREED:

Date: March ___, 2017          DAG LAW FIRM

                               _____
                               Boris Briskin, Esq.
                               Attorneys for Plaintiffs

Date: March ___, 2017          SIMS LAW FIRM, LLP

                               Michael Murphy, Esq.
                               Attorneys for NATIONAL RAILROAD
                               PASSENGER CORPORATION, service
                               mark AMTRAK, and UNION PACIFIC
                               RAILROAD COMPANY

Dated: March _19_, 2017        PROCTER & SHYER, LLP

                               /s/ James N. Procter II
                               James N. Procter II
                               Attorneys for Defendant CITY OF
                               CARPINTERIA

# ~~[PROPOSED]~~ ORDER

The Court having considered this matter and having found that all parties, by and through their respective attorneys, have agreed to this Non-Disclosure Agreement and Stipulated Protective Order, and having found good cause as stated by the parties, hereby enters its order pursuant to the agreed upon terms as set forth above. The Court further orders that the LDVR and EDR shall not, under any circumstances, be copied or disseminated to any electronic media, including but not limited to the internet.

SO ORDERED AND ADJUDGED, this the 29TH day of _____MARCH_____, 2017.

_____
Hon. Paul L. Abrams,
MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT

# EXHIBIT A

## ACKNOWLEDGMENT OF RECIPIENT

I, the undersigned, on behalf of myself, my employees, secretaries, assistants, staff and associates, hereby acknowledge that I have received a copy of the Locomotive Digital Video Recording (LDVR), produced in the case of "RICHARD TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, ZACHARY TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, GRANT TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, TRAVIS TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, Plaintiffs, vs. NATIONAL RAILROAD PASSENGER CORPORATION, Individually and dba AMTRAK, UNION PACIFIC RAILROAD COMPANY, COUNTY OF SANTA BARBARA, CITY OF CARPINTERIA, STATE OF CALIFORNIA, and DOES 1 through 100, inclusive, Defendants" being Civil Action No. 2:16-cv-08556-DMG-AJW, in the United States District Court, Central District of California; that such LDVR and EDR is subject to a Non-Disclosure Agreement and Stipulated Protective Order agreed to by the parties and/or entered by the Court in such lawsuit; that I have reviewed such Non-Disclosure Agreement and Stipulated Protective Order and agree to its terms; that I will keep it and all copies and/or parts thereof strictly confidential as provided in such Non-Disclosure Agreement and Stipulated Protective Order; and that I agree to comply strictly with all terms and conditions of such Non-Disclosure Agreement and Stipulated Protective Order, a copy of which is attached hereto. I further agree to immediately provide counsel for Amtrak a second copy of this form at the address provided below.

_____
SIGNATURE

_____
PRINT NAME

_____
DATE

COUNSEL FOR AMTRAK:
Michael E. Murphy
SIMS LAW FIRM, LLP
19712 MacArthur Blvd., Suite 120
Irvine, CA 92612
(949) 253-7900
(949) 253-7930 - FAX

## PROOF OF SERVICE BY MAIL
### Case No. 2:16-cv-08556-DMG-PLA

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 19712 MacArthur Blvd., Ste. 120, Irvine, CA 92612.

On March 28, 2017, I served the foregoing documents on the interested parties in this action:

**NON-DISCLOSURE AGREEMENT AND STIPULATED PROTECTIVE ORDER**

[X]  by placing the true copies thereof enclosed in sealed envelopes addressed as listed below:

**See Attached Service List**

[ ]  **BY MAIL:** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, said correspondence is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on March 28, 2017, at Irvine, California.

[ ]  **BY E-MAIL TRANSMISSION:** I caused the above document to be emailed to counsel and sent from JMortimore@sms-law.com executed on March 28, 2017, at Irvine, California

[X]  **BY E-SERVICE:** The undersigned hereby certifies that a true and correct copy of the forgoing document was filed with the Court and served electronically through pursuant to the United States District Court CM/ECF rules to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on March 28, 2017.

[ ]  **(Federal Express):** I caused such envelope(s) to be delivered by air courier, with next day service.

[X]  **(Federal):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed March 28, 2017, at Irvine, California.

_/s/ Jodie Mortimore_
Jodie A. Mortimore

# SERVICE LIST
*Teisher, et al. v. Amtrak, et al.*

Boris Briskin, Esq.
DAG LAW FIRM
6300 Wilshire Blvd., Suite 1400
Los Angeles, CA 90048
(323) 930-2020
(323) 930-2225 - Facsimile
Attorneys for Plaintiffs RICHARD TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, ZACHARY TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, GRANT TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER, TRAVIS TEISHER, Individually and as Successor in Interest of Decedent KATHLEEN TEISHER

~~Julius Abanise, Esq.~~
~~Deputy County Counsel~~
~~Santa Barbara County Counsel~~
~~105 East Anapamu Street, Suite 201~~
~~Santa Barbara, CA 93101~~
~~(805) 568-2950~~
~~Attorneys for Defendant COUNTY OF SANTA BARBARA~~

James N. Procter II, Esq.
Matthew A. Zavala, Esq.
PROCTER & SHYER, LLP
300 Esplanade Drive, Suite 1500
Oxnard, CA 93036
(805) 278-0920
(805) 278-0289 - Facsimile
Attorneys for Defendant CITY OF CARPINTERIA